## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2018, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Supervising Deputy Attorney
General

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremiah J. Davis,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 9, 2018

Court of Appeals Case No.
33A01-1705-CR-1197

Appeal from the Henry Circuit
Court

The Honorable E. Edward
Dunsmore II, Judge Pro Tempore

Trial Court Cause Nos.
33C03-1402-FD-54
33C03-1409-F6-56

**Mathias, Judge.**

[1] Jeremiah J. Davis ("Davis") pleaded guilty under two separate cause numbers in the Henry Circuit Court. Davis then filed a motion to withdraw both guilty pleas, which the trial court denied. Davis now appeals and claims that the trial court abused its discretion when it denied his motion.

[2] We affirm.

## Facts and Procedural History

[3] On February 24, 2014, under cause number 33C03-1402-FD-54 ("FD-54"), the State charged Davis with Class D felony possession of marijuana,[1] Class A misdemeanor possession of paraphernalia, and Class B misdemeanor visiting a common nuisance. The State also filed a habitual substance offender enhancement against Davis. On March 31, Davis entered into a plea agreement with the State in which he pleaded guilty to Class D felony possession of marijuana and admitted to qualifying as a habitual substance offender.[2] Davis also signed an advisement and waiver of rights form.

[4] The trial court held a hearing on Davis's guilty plea on May 21. During that hearing, Davis confirmed that he had read and signed the advisement and waiver of rights form and that he did not have any questions regarding any of the rights listed on the form. Davis also informed the court that he understood

---

[1] Davis was originally charged with Class A misdemeanor possession of marijuana; however, it was enhanced to a Class D felony because of a prior conviction.

[2] The State agreed to dismiss the Class A misdemeanor possession of paraphernalia and the Class B misdemeanor visiting a common nuisance. Appellant's App. p. 32.

the terms of the plea agreement and that no one had forced or threatened him to accept it. The court then stated, "I will find that your plea is freely and voluntarily made, that there is a factual basis for your plea. I'm going to take the acceptance of your plea and the acceptance of the plea agreement under advisement at this time." Supp. Tr. p. 7. Davis was then ordered to be transported to the House of Hope in Madison County, Indiana for treatment.

[5] On June 9, Davis was released to the House of Hope; however, he was discharged on July 29 for failing a drug screen. Subsequently, Davis failed to attend his sentencing hearing on August 25. As a result, on September 15, under cause number 33-C03-1409-F6-56 ("F6-56"), Davis was charged with Level 6 felony failure to return to lawful detention and Level 6 felony failure to appear. On the same day, the State also filed a habitual felony offender enhancement against Davis. He was eventually located and arrested on November 10.

[6] On February 2, 2015, Davis signed a second advisement and waiver of rights form and entered into a plea agreement for cause F6-56 in which he pleaded guilty to Level 6 felony failure to return to lawful detention, and he admitted to qualifying as a habitual offender.[3] The trial court held Davis's guilty plea hearing the same day. Davis again confirmed that he had read and signed the advisement and waiver of rights form and that he did not have any questions

---

[3] The State agreed to dismiss the Level 6 felony failure to appear. Appellant's App. p. 48.

regarding any of the rights listed on the form. He also informed the court that he understood the terms of the plea agreement and that no one had forced or threatened him to accept it. The trial court then stated, "I'm going to show that your plea is freely and voluntarily made, that there is a factual basis for your plea. I'm going to take the acceptance of your plea under advisement at this point." Supp. Tr. p. 13. The court then explained to Davis, "I hope that you understand you've got quite a bit . . . riding on the fact that you go there to the House of Hope and you don't have any problems this time. You understand that, because you're looking at a very long period of time incarcerated if this does not work out this time. You understand that." *Id.* Davis responded in the affirmative.

[7] Davis was released back to the House of Hope to continue treatment three days after the hearing. On June 24, 2015, Davis was discharged from Blackwell House, a different treatment facility, because he was under the influence of drugs. A warrant was issued for Davis's arrest the next day; however, he was not arrested until March 31, 2017.

[8] On April 26, 2017, Davis filed a motion to withdraw both guilty pleas. The trial court held Davis's sentencing hearing on May 1. At the sentencing hearing, Davis argued that when he pleaded guilty he did not understand the length of the treatment program, and he did not understand that he could take his case to trial. The following exchange followed between the trial court and Davis's counsel:

[Court]:     [T]he record indicates that Paragraph 12 of the document he signed says you have the right to a public and speedy trial by a jury, the right to confront and cross examine witnesses against you, the right to subpoena witnesses at no cost to you, the right to require the State prove you guilty beyond a reasonable doubt at a trial at which you do not have to testify, but which you may testify if you wish and the right to appeal any decision made by the Judge. By pleading guilty, you give up and waive each and everyone of these rights. His initials appear on that and his signature appears at the bottom of that document, along with all of the other advisements of rights that are in that four page document that he signed and initialed. Is he saying he didn't sign and initial that document?

[Counsel]:   No, Your Honor.

[Court]:     Is he saying he can't read, write and understand the English language?

[Counsel]:   He states he didn't read over it. He was just going by what his attorney said.

Tr. pp. 6–7 (errors in original).

[9]   The court then denied Davis's motion to withdraw his guilty pleas. Under cause FD-54, the trial court sentenced Davis to two years in the Department of Correction ("DOC") for the Class D felony possession of marijuana, with an additional five years for the habitual substance offender enhancement. Under cause F6-56, the trial court sentenced Davis to two years in the DOC for the Level 6 felony failure to return to lawful detention and ordered this to be served

consecutive to his cause FD-54 sentence.[4] Because the trial court gave Davis two years' credit for time served, he was sentenced to an aggregate term of seven years in the DOC. Davis now appeals.

## Discussion and Decision

[10] Davis claims that the trial court abused its discretion when it denied his motion to withdraw his guilty pleas. Motions to withdraw guilty pleas are governed by Indiana Code section 35-35-1-4(b). After a defendant pleads guilty, but before a sentence is imposed, a defendant may file a motion to withdraw a plea. *Brightman v. State,* 758 N.E.2d 41, 44 (Ind. 2001) (citing I.C. § 35-35-1-4(b)). The court must allow the defendant to withdraw the plea if it is "necessary to correct a manifest justice." *Id.* (quoting I.C.§ 35-35-1-4(b)). However, the court must deny the motion if withdrawal of the plea would "substantially prejudice[]" the State. *Id*. In all other cases, the trial court has the discretion to grant a defendant's motion to withdraw a guilty plea "for any fair and just reason." *Id*.

[11] Our supreme court has explained,

> A trial court's ruling on a motion to withdraw a guilty plea
> arrives in this Court with a presumption in favor of the ruling.
> We will reverse the trial court only for an abuse of discretion. In
> determining whether a trial court has abused its discretion in
> denying a motion to withdraw a guilty plea, we examine the

---

[4] The State asked for and the trial court dismissed the habitual offender enhancement on cause F6-56 during sentencing. Tr. p. 19.

statements made by the defendant at his guilty plea hearing to decide whether his plea was offered freely and knowingly.

*Brightman,* 758 N.E.2d at 44 (citation and quotations omitted).

[12] Davis contends that that trial court abused its discretion by denying his motion to withdraw "because he was not adequately advised of his rights and of the plea agreement by his defense counsel," and thus he "was effectively coerced into accepting the State's plea bargain." Appellant's Br. at 10. And also "his guilty plea should have been withdrawn in order to correct a manifest injustice." *Id.* at 9. We disagree. Davis cannot demonstrate that the trial court's denial of his motion to withdraw his guilty plea was an abuse of discretion or resulted in manifest injustice.

[13] As part of his plea agreements, Davis read and filled out two advisement and waiver of rights forms. With the exception of the different crimes listed at the top of each, they are identical. The forms contain the following relevant paragraphs:

> 12. You have the right to a public and speedy trial by jury. The right to confront and cross-examine witnesses against you. The right to subpoena witnesses at no cost to you. The right to require the State to prove you guilty beyond a reasonable doubt at a trial at which you do not have to testify, but in which you may testify if you wish. And the right to appeal any decision made by the judge. By pleading guilty, you will give up and waive each and every one of these rights.
>
> 13. Your guilty plea is made knowingly and voluntarily and no promises, threats or force have been used to make you plead guilty.

15. You have been given the opportunity to read the Charging Information, and the Probable, including any attachments, filed in this case and the facts contained in them are true and constitute a factual basis for your plea.

16. You are able to read and understand the English language and have understood the information contained in this document.

Appellant's App. pp. 30, 47. Davis initialed next to each paragraph on both forms and signed each document.

Moreover, Davis's responses to the trial court during both of his plea hearings indicate that he understood the rights he was waiving and had freely and knowingly decided to plead guilty. During his May 21, 2014 plea hearing the following exchange took place:

> [Court]: I had received an Advisement and Waiver of Rights form. It appears to me on that form that you've initialed at the end of each of the applicable paragraphs and signed the last page. Is that correct?
>
> [Davis]: Yes.
>
> [Court]: Did you read through that before you initialed and signed it?
>
> [Davis]: Yes.
>
> [Court]: Do you have any questions concerning any of the rights that are discussed on that form?
>
> [Davis]: No.
>
> [Court]: You do understand that if you enter a plea of guilty today that you would be giving up and waiving the

rights that are discussed on that form. You understand that?

[Davis]:     Yes.

[Court]:     You also understand that part of that form indicates you've been given the opportunity to review the Charging Informations in your cases, Probable Cause Affidavits and supporting documents and you do understand that you are stipulating to the fact that there will be a factual basis for your plea of guilty pursuant to the agreement. You understand that.

[Davis]:     Yes.

                                   ***

[Court]:     Has anyone forced you or threatened you to get you to accept this agreement?

[Davis]:     No.

Supp. Tr. pp. 4–6 (errors in original).

And at Davis's February 2, 2015 plea hearing:

[Court]:     Alright, on the advisement and Waiver of Rights I received, it looks like you've initialed at the end of each of the applicable paragraphs. You've signed on the last page. Is that correct?

[Davis]:     Yes.

[Court]:     Did you read through that before you initialed and signed it?

[Davis]:     Yes.

[Court]:     Any questions about any of the rights that are discussed on that form?

[Davis]:     No.

[Court]:    You do understand if you enter a plea of guilty today that you would be giving up and waiving the rights that are discussed on that form. You understand that?

[Davis]:    Yes.

[Court]:    Part of that form also indicates that you've been given the opportunity to review the Charging Information and Probable Cause Affidavit, including any attachments filed in this case. You are acknowledging the facts contained in those documents are true and they would constitute a factual basis for your plea of guilty. Is that correct?

[Davis]:    Yes.

***

[Court]:    Has anyone forced you or anyone threatened you to get you to accept this agreement?

[Davis]:    No.

*Id*. at pp. 11–12.

[16]    Davis's signed acknowledgement on the waiver and advisement of rights forms as well as his statements during both plea hearings adequately demonstrate that he voluntarily and knowingly pleaded guilty. It is clear that Davis was sufficiently advised of his rights, and there is no evidence that he was coerced into accepting the State's plea bargain. Rather, Davis consistently indicated that he was aware of the rights he was waiving, that he understood what he signed, that he admitted to the factual basis for each plea, and that he understood the

potential penalties he faced.[5] Therefore, under the facts and circumstances before us, the trial court acted within its discretion when it denied Davis's motion to withdraw his guilty pleas, and we cannot say that its denial constitutes manifest injustice. *See e.g., Jeffries v. State*, 966 N.E.2d 773, 778 (Ind. Ct. App. 2012), *trans. denied.*

## Conclusion

[17] For all these reasons, we conclude that the trial court did not abuse its discretion when it denied Davis's motion to withdraw his guilty pleas. Accordingly, we affirm.

Najam, J., and Barnes, J., concur.

---

[5] To the extent Davis argues that he was misled by his trial counsel, this argument is better framed as a claim of ineffective assistance of counsel. *See* Appellant's Br. at 8–9. The voluntariness of a plea is distinct from a claim of ineffective assistance of counsel, and the two claims are reviewed under different standards. *Hanks v. State*, 71 N.E.3d 1178, 1189 (Ind. Ct. App. 2017), *trans. denied*. Voluntariness in Indiana "focuses on whether the defendant knowingly and freely entered the plea, in contrast to ineffective assistance, which turns on the performance of counsel and resulting prejudice." *State v. Moore*, 678 N.E.2d 1258, 1266 (Ind. 1997). Because we find that Davis knowingly and freely entered into both pleas, and that Davis has failed to support an ineffective assistance claim with cogent reasoning, we decline to address Davis's concerns with his trial counsel. *See* Ind. Appellate Rule 46(8)(a).